■ JEREMY S. GNADE, Respondent, v SUNBURST OPTICS, INC., Appellant. (Appeal No. 1.) [942 NYS2d 922]—Appeal from an order of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered June 29, 2011 in a breach of contract action. The order, among other things, granted in part plaintiff's motion for partial summary judgment on his first cause of action.

Appeal from a judgment of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered July 8, 2011 in a breach of contract action. The judgment awarded plaintiff the sum of $107,627 plus interest, against defendant.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reducing the amount of the award to $34,156, plus interest commencing April 15, 2010 and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for, inter alia, defendant's alleged breach of contract. According to plaintiff, defendant breached section 3.5 of the "Buy-Sell Agreement" (hereafter, Agreement), which entitled plaintiff, as a shareholder of defendant, to periodic cash distributions from the corporation sufficient to satisfy his federal and state tax liability on corporate income. Supreme Court granted in part plaintiff's motion for partial summary judgment on the cause of action alleging a breach of the Agreement and determined that plaintiff was entitled to judgment in the amount of $107,627, plus interest. Defendant appeals from a judgment awarding plaintiff that amount.

We agree with defendant that the amount awarded to plaintiff must be reduced. Section 3.5 of the Agreement, titled "Distributions to Pay Federal and State Income Taxes," provides that, "[s]o long as [defendant] is an S-Corporation for federal income tax purposes, [it] shall declare and pay cash distributions to the [s]hareholders (a) on or within [15] days prior to each April 15, June 15, September 15 and January 15, in an amount in each instance equal to one[ ]fourth of the federal and state income tax liabilities on [defendant's] income incurred for the immediately preceding fiscal year, and (b) on or within [15] days prior to April 15 of each year, in an amount, if any, sufficient to pay each [s]hareholder's federal and state income tax liability on [defendant's] income for the immediately preceding fiscal year, less the amount of the four previous distributions paid to the [s]hareholders pursuant to clause (a) above. For purposes of these computations, each [s]hareholder shall be presumed to be subject to the highest federal and applicable state income tax rates imposed on individuals who are not married." The "immediately preceding fiscal year" at issue here is 2009.

In support of his motion, plaintiff submitted an affidavit and the supporting calculations of a certified public accountant, which established that plaintiff's 2009 taxable income as a shareholder of defendant was $188,163 and that his total federal

and state tax liability for his shareholder income was $82,628. Thus, under the plain language of the Agreement, plaintiff was entitled to a sum that satisfied his tax liability in the amount of $82,628. It is undisputed that defendant paid plaintiff $48,472 of that amount. Thus, plaintiff should have been awarded a sum of $34,156, plus interest, and we therefore modify the judgment accordingly. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Fahey, Peradotto and Lindley, JJ.